

**ORDERED in the Southern District of Florida on December 22, 2014.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                   Case No. 14-24390-RBR

                                                                              Chapter 7

ALI REZA ZARGARAN,

                Debtor.
_____/

### ORDER TO SHOW CAUSE

**THIS CAUSE** came before the Court on December 19, 2014 at 9:30 a.m. (the *"Hearing"*) upon the *Order to Set Status Conference Re: the Debtor's failure to comply with the requirement to file a Statement of Monthly Income, which was due on or before November 10, 2014* [ECF No. 136] (the *"Order"*). Kenneth A. Welt (the *"Trustee"*) appeared at the Hearing through counsel. Ali Reza Zargaran (the *"Debtor"*) did not appear.

1

I. **Background**

On October 2, 2014, the United States Trustee filed his Motion to Convert or Dismiss Case (the *"UST Motion"*). On October 17, 2014, and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted. The UST Motion was set for hearing on October 23, 2014, and on October 27, 2014, the case was converted to a Chapter 7 proceeding (the *"Conversion Order"*) [ECF No. 112].

As part of the Conversion Order, the Debtor was required to:

> a) immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;
>
> b) by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and
>
> c) file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.
>
> d) file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);
>
> e) file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).
>
> f) file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

The Trustee has represented the Debtor has not complied with any of the requirements set forth in the Conversion Order. Additionally, the Court notes that the Trustee has represented that

the Debtor failed to attend the §341 Meeting of Creditors scheduled for December 1, 2014 at 11:30 a.m.

II. **Discussion**

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated a court order. *See United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Once the movant makes this prima facie showing, "the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply" with the order. *Id*. at 701 (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)). "This burden of production is not satisfied by a mere assertion of inability." *Id.* Instead, "a party subject to a court's order demonstrates inability to comply only by showing that he has made in good faith all reasonable efforts to comply." *Id.* If civil contempt is proven, the court may impose sanctions "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *see Commodity Futures Trading Comm'n v. Wellington Precious Metals. Inc.*, 950 F.2d 1525, 1530 (11th Cir. 1992) (per curiam). Typical coercive sanctions include incarcerating or fining a contemnor until he complies with the order. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828-29 (1994); *Wellington Precious Metals. Inc.*, 950 F.2d at 1530-31. Coercive sanctions, however, may not be any greater than necessary to ensure compliance. *See Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1558* (11th Cir. 1996).

Here, the Court finds that there has been a showing of a prima facie case of contempt by clear and convincing evidence. The uncontradicted statements of the Trustee, and a review of the docket show that the Debtor has not complied with any of the requirement of the Conversion Order. Thus, the Court will hold a show-cause hearing at which time the Debtor must "produce detailed evidence specifically explaining why he cannot comply" with the Order. *Roberts*, 858 F.2d at 701. If no cause is shown, the Court will consider holding the Debtor in contempt and shall consider the imposition appropriate coercive and compensatory sanctions.

These sanctions may include, but are not limited to, imposing a daily fine and/or confinement until such time as the Debtor satisfies all provisions of the Conversion Order and requiring the Debtor to pay the attorney's fees and costs that the Trustee has incurred in enforcing the Conversion Order.

III. **Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. An evidentiary hearing before this Court is set for **January 20, 2015, at 9:30 a.m.**, at the United States Bankruptcy Court, United States Courthouse, 299 E. Broward Blvd., Courtroom 308, Fort Lauderdale, FL 33301 (the "*Hearing*").

2. At that Hearing, the Debtor shall **SHOW CAUSE** why he has not complied with the Court's Conversion Order, and/or why the Debtor should not be held in contempt of court.

3. Trustee's counsel shall immediately serve a copy of this Order on the Debtor and shall file proof of service with the Court.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar No. 99086

LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 358-6363
Facsimile:   (305) 358-1221
*Attorneys for Trustee*

**Copies Furnished to:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.